## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANDEL BIDONE,<br> *Plaintiff*, | |
| v. | No. 3:23-cv-396 (JAM) |
| UNITED STATES *et al.*,<br> *Defendants*. | |

### ORDER OF DISMISSAL

Plaintiff Mandel Bidone is a pretrial detainee incarcerated at New Haven Correctional

Center. He brings this action *pro se* against numerous defendants alleging that they have

conspired to carry out a laundry list of constitutional and legal violations against him. Because it

appears that the complaint does not allege any facts that state a plausible claim for relief, I will

dismiss the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

### BACKGROUND

Bidone brings this lawsuit against the United States, Yale New Haven Inc., Sean Jay-Z

Carter, the State of New York, and the State of Connecticut alleging violations of his Fourth,

Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendment rights.[1] Bidone previously

filed a complaint making substantially identical claims which the court dismissed in its entirety

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). *Bidone v. Yale New Haven Inc.*,

2022 WL 13682098 (D. Conn. 2022).

Bidone explains that he has been involuntarily subject to experiments by Yale-New

Haven Hospital aimed at examining "poverty, crime, drug abuse, ableism, stateism."[2] He claims

his involvement in this study is the cause of the interpersonal and legal troubles he has

---

[1] Doc. #1 at 1; Doc. #1-14 at 3-4.
[2] Doc. #1-2 at 7 (¶ 100).

experienced in life to date, including his convictions for various crimes.[3] Either as part of the Yale-New Haven experiment or separately, Bidone has also had a "[b]rain-gate chip illegally implanted inside of [his] body" which "read[s] and control[s] his thoughts."[4]

Bidone further alleges that he has seen "Unidentified Arial Projects" in the sky that pose "threats to U.S. National Security by definition."[5] As the complaint explains, the existence of these objects makes the United States liable "because the President should have reasonably known this study was going on."[6]

In or around February 2023 Bidone was called to court in Bridgeport to begin trial for a violent altercation at Ocean's Beach.[7] The judge dismissed all charges against him after the State's witness failed to appear at trial.[8] Bidone alleges that this dismissal violated his Sixth Amendment rights because it prohibited him from getting answers to "questions about his life" and did not allow him to clear his name.[9]

The complaint further claims that the rapper Sean Jay-Z Carter is Bidone's biological father.[10] Bidone explains that Carter, "Yale, Activists, members of the 3 branch[es of] government, joined together to" subject Bidone to a flawed justice system.[11]

Bidone seeks redress in the form of compensatory damages, punitive damages, and injunctive relief.[12]

---

[3] Doc. #1-4 at 2 (¶ 147); Doc. #1-12 at 5 (¶ 476).
[4] Doc. #1-14 at 3.
[5] Doc. #1-6 at 4 (¶ 252); Doc. #1-12 at 5 (¶ 477).
[6] *Ibid.*
[7] *Id.* at 12 (¶ 519).
[8] *Ibid.* (¶¶ 520-527).
[9] *Ibid.*
[10] *See* Doc. #1 at 12 (¶ 56).
[11] Doc. #1-6 at 1-2 (¶¶ 232-236).
[12] Doc. #1-14 at 11.

## DISCUSSION

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to raise the strongest arguments they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).[13]

This Court also has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### United States

Bidone's claims against the United States are barred by federal sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of

---

[13] Unless otherwise noted, this ruling omits all internal quotation marks, citations, brackets, and other alterations in its quotations and citations of case decisions.

consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). While Congress may waive the sovereign immunity of the United States via legislation, absent such a waiver "sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

That Bidone brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), does not save him.[14] In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officers who have violated a person's constitutional rights. *See McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016) (*per curiam*). Courts, however, have declined to extend *Bivens* to permit suits against federal agencies, as in the case at hand. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001); *Meyer*, 510 U.S. at 485-86.

### States of Connecticut and New York

Bidone's claims against the States of Connecticut and New York are similarly barred. It is well established that the Eleventh Amendment and related principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See generally Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017); *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021). Congress may abrogate a State's sovereign immunity, but courts have made clear that 42 U.S.C. § 1983—under which Bidone appears to bring his claims against Connecticut and New York—did not constitute such an abrogation.[15] *See Salu v. Miranda*, 830 F. App'x 341, 347 (2d Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979)).

---

[14] Doc. #1 at 4 (¶ 4).
[15] *Ibid.*

Bidone requests that the "State of Connecticut, [and] The State of New York, wa[i]ve any 11th Amendment immunity privile[]ge concerning all Governmental agencies."[16] But absent any allegation that the State of Connecticut or the State of New York have actually consented to his lawsuit Bidone may not proceed against either defendant. *See Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004).

### Yale New Haven Inc.

Bidone explains that he has been the subject of a human study run out of Yale-New Haven Hospital. Factually frivolous allegations—those that are "clearly baseless," or "fanciful, fantastic[,] or delusional"—cannot give rise to any plausible grounds for relief. *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Quite frankly, "[Bidone's] complaint speaks for itself." *Bidone*, 2022 WL 13682098, at *2. The allegations of human testing strain credulity and such vague, conclusory, and conspiratorial assertions do not state a plausible claim for relief.

### Sean Jay-Z Carter

Finally, the sum total of allegations against Carter are that he is Bidone's biological father. These facts do not give rise to liability under any of Bidone's theories of harm. *See Arcamone v. Kopnisky*, 857 F. App'x 694, 697 (2d Cir. 2021) (dismissal proper where plaintiff "failed to plead facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *McKay v. Carter*, 2019 WL 5551867, at *2 (S.D.N.Y. 2019) (claim that Carter is the plaintiff's father "rise[s] to the level of the irrational").

---

[16] *See* Doc. #1-14 at 11.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the complaint with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). It is apparent that the filing of any amended complaint would be futile. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3rd day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge